UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 10-372-HRW

DAVID CARMEN,                                                    PLAINTIFF,

v.                  **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on March 31, 2009, alleging disability beginning on July 31, 2008, due to bulging disc, chronic cough, asthma, arthritis, separated right shoulder, knee problems,

arthritis in his right foot and nerve damage in his left foot (Tr. 155).

This application was denied initially on April 29, 2009 and on reconsideration on July 14, 2009 (Tr. 59-60).

On April 15, 2009, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Martha Gross, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
> 
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
> 
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
> 
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 24, 2010, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 8-19).

Plaintiff was fifty years old at the time of the hearing decision (Tr. 106). He has a 9th grade education and has worked as a carpenter, dry-wall finisher and assembler (Tr. 132).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 10).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the lumbar spine with chronic low back pain, history of asthma, right shoulder separation, degenerative changers of the left knee, foot pain with hallux limitus right and hammertoe and obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 10-12).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or

medically equal any of the listed impairments (Tr. 12-14). In doing so, the ALJ specifically considered listing 1.00.

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 17) but determined that he has the residual functional capacity ("RFC") to perform a range of light work with certain exception as set forth in the hearing decision (Tr. 14-17).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 17-18).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 15, 2010 (Tr. 1-4).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III. ANALYSIS

A.   **Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

### B.     Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not consider his impairments in combination; (2) the ALJ did not properly evaluate Plaintiff's credibility and (3) the ALJ did not properly

5

consider the opinion of Plaintiff's treating physician, Dr. Donald Hammer.

C. **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not consider his impairments in combination.

A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe , at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 12). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

Plaintiff's second claim of error is that the ALJ did not properly evaluate Plaintiff's credibility . He maintains that the ALJ should not have rejected his allegations of disabling pain and other symptoms.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's statements regarding the intensity, persistence and limiting effects of his impairments were not credible. (Tr. 15). Subjective claims of disabling pain and other symptoms must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

In this case, the ALJ found that Plaintiff's testimony fell short of the *Duncan* standard. He enumerated specific reasons supporting this finding, including that Plaintiff's daily activities demonstrate that he remains "very active" and that his treatment has been routine and conservative (Tr. 15-16).

Plaintiff argues that the ALJ mischaracterized his activities of daily living and that he is not very active, as the ALJ opined. However, the record establishes that Plaintiff drives about fifteen times a week (Tr. 15, 30), including picking up

his five-year old granddaughter once or twice a week, driving himself to doctor's appointments, and going to the local store where he "hangs out" with his friends (Tr. 29-30). In addition, friends and family visit him, and, once a month, he goes to his parents' home for a family dinner (Tr. 50-51). He also is able to care for his own personal needs and helps his wife with chores and cooking some, including taking out and burning the trash a couple times a week (Tr. 46-48). Significantly, Plaintiff testified that he uses a riding mower to mow the lawn, tends to his garden with his wife's help, continues to hunt and fish, and planned to go on a camping trip with his granddaughter (Tr. 49-50, 52). Further, Plaintiff testified that he can walk about 150 yards before he needs to rest, lift a gallon of milk, and sit or stand for about thirty minutes before he needs to switch positions (Tr. 39-40, 43). These activities simply are not consistent with Plaintiff's allegations of disabling pain. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

To the extent Plaintiff contends the ALJ should not have considered the conservative nature of his treatment, he is mistaken. Conservative treatment tends to negate a claim of disability. *See*

*Ashworth v. Sullivan*, 951 F.2d 348 (6th Cir. 1991). In this case, substantial evidence supports the ALJ's finding that Plaintiff's treatment was essentially conservative and routine. For example, in August 2008, Dr. Scott, a consultative examiner retained by Plaintiff, recommended that Plaintiff use anti-inflammatory medication, alternating ice and heat, and low impact aerobic exercise for his back pain (Tr. 338-39). Dr. Scott specifically stated that he did not recommend surgery (Tr. 339). Also, in July 2009, Dr. White, Plaintiff's orthopedist, reviewed an MRI of Plaintiff's shoulder and concluded that it showed "very mild" changes at the AC joint and rotator cuff (Tr. 401). Accordingly, Dr. White stated that he "recommended continued conservative treatment" (Tr. 401). Two months later, Plaintiff returned to Dr. White complaining of knee and shoulder pain (Tr. 400). Dr. White noted that injections had previously helped Plaintiff "dramatically" and administered them to Plaintiff again (Tr. 400). Dr. White also reported that Plaintiff's shoulder was exacerbated from using a bow (Tr. 400).

The Court having reviewed the record finds that the ALJ properly evaluated Plaintiff's credibility based upon substantial evidence in the record.

Finally, Plaintiff contends that the ALJ did not properly consider the opinion of Plaintiff's treating physician, Dr. Donald Hammer. Specifically, he asserts that the ALJ should have given greater weight to the March 2009 opinion

of Dr. Hammer that Plaintiff is a "candidate for disability" (Tr. 289).

The ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than his past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Further, in order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The ALJ found that Dr. Hammer's opinion was not supported by sufficient clinical and diagnostic findings. The Court agrees. Notably, on the same day that he drafted the letter stating that Plaintiff should be considered for disability, Dr. Hammer wrote a letter to Plaintiff in which he observed that a MRI of Plaintiff's

knee showed only "wear and tear arthritis" and a little fluid build up and that an x-ray of Plaintiff's right foot was normal (Tr. 322). This letter simply is not consistent with Dr. Hammer's statement that Plaintiff was a candidate for disability based, in part, on his knee and foot problems.

Moreover, as discussed *infra*, Dr. Hammer's treatment was conservative in nature, thereby negating his suggestion of disability.

Based upon the record, the Court finds no error in the ALJ's rejection of Dr. Hammer's opinion.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 15th day of September, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

---
Henry R. Wilhoit, Jr., Senior Judge